UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **MARCUS HILL** | **CIVIL ACTION NO. 18-1006** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **SHERIFF'S OFFICE OUACHITA PARISH, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Plaintiff Marcus Hill, a prisoner at Dixon Correctional Institute proceeding pro se and in forma pauperis, filed the instant Complaint on August 3, 2018, under 42 U.S.C. § 1983. He names the following Defendants: Sheriff's Office Ouachita Parish, Warden Pat Johnson, Sgt. Primm, and Sgt. Thomas.[1]

On August 31, 2018, the undersigned ordered Plaintiff to amend his Complaint, remedy certain deficiencies, and provide specific information. [doc. # 8]. Plaintiff filed an amended pleading on September 24, 2018, but he raised new claims. [doc. # 11]. On October 9, 2018, the undersigned observed that Plaintiff's new allegations were deficient and ordered Plaintiff to, within thirty days, amend again. [doc. # 12]. The undersigned cautioned that Plaintiff's suit may be dismissed if he failed to comply. *Id.* To date, Plaintiff has failed to file a second amended pleading.

A district court may dismiss an action based on a plaintiff's failure to prosecute or comply with a court order. FED. R. CIV. P. 41(b). A court possesses the inherent authority to

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

dismiss the action *sua sponte* on this basis. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *Id.*

Here, Plaintiff has failed to comply with the Court's October 9, 2018 Order by the November 8, 2018 deadline.[2]

Accordingly, **IT IS RECOMMENDED** that Plaintiff Marcus Hill's Complaints, [doc. #s 1, 11], be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

[2] Of import, Plaintiff does not plausibly allege, in either his original or amended pleading, that Defendants violated his constitutional rights. Rather, he raises claims against the Ouachita Parish Sheriff's Office, which is not amenable to suit, he fails to allege that Warden Pat Johnson or Sergeant Primm were involved in depriving him of a constitutional right, and, with respect to the final Defendant, Sergeant Thomas, he offers only allegations of negligence.

***Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 17th day of December, 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE